J. S59041/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID FITZGERALD, | : | |
| | : | |
| Appellant | : | No. 742 WDA 2015 |

Appeal from the PCRA Order April 7, 2015
In the Court of Common Pleas of Blair County
Criminal Division No(s).: CP-07-CR-0000268-2005

BEFORE: BOWES, DONOHUE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                     **FILED SEPTEMBER 30, 2015**

Appellant, David Fitzgerald, appeals from the order dismissing, after a hearing, his second Post Conviction Relief Act[1] ("PCRA") petition. He claims that a stroke in March of 2012 prevented him from timely filing a second PCRA petition alleging his first PCRA counsel was ineffective. His counsel has filed with this Court a ***Turner***/***Finley***[2] letter and a petition to withdraw. We affirm and grant counsel's petition to withdraw.

The facts are unnecessary for our disposition. The court sentenced Appellant on October 4, 2006. He appealed, and this Court affirmed on April

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

9, 2008. *See Commonwealth v. Fitzgerald*, 1343 WDA 2007 (Pa. Super. Apr. 9, 2008) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

Appellant filed a timely PCRA petition. The PCRA court denied relief, and this Court affirmed on November 30, 2010. He did not appeal.

Appellant, *pro se*, filed his second PCRA petition on July 14, 2014, and the Commonwealth filed a motion to dismiss. The PCRA court appointed counsel and held a hearing on April 3, 2015 that addressed the timeliness of Appellant's second PCRA petition. At the hearing, Appellant's counsel conceded that Appellant's petition did not fall within any one of the three timeliness exceptions. N.T. PCRA Hr'g, 4/2/15, at 10. On April 7, 2015, the PCRA court granted the Commonwealth's motion to dismiss Appellant's second PCRA petition.

Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement. On July 13, 2015, Appellant's counsel filed with this Court a *Turner*/*Finley* letter and a petition to withdraw. Appellant did not file a *pro se* response.

In the *Turner*/*Finley* brief, Appellant's counsel suggests Appellant's second PCRA petition was timely.[3] Prior to addressing the issue raised in the

---

[3] The Commonwealth did not file a brief.

***Turner*/*Finley*** brief, we examine the following in evaluating counsel's petition to withdraw:

> [I]ndependent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of:
>
> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
>
> 4) The PCRA court conducting its own independent review of the record; and
>
> 5) The PCRA court agreeing with counsel that the petition was meritless.

***Commonwealth v. Widgins***, 29 A.3d 816, 817-18 (Pa. Super. 2011) (alterations and citations omitted). Further, the ***Widgins*** Court explained:

> The Supreme Court [in ***Commonwealth v. Pitts***, 981 A.2d 875 (Pa. 2009),] did not expressly overrule the additional requirement imposed by [***Commonwealth v. Friend***, 896 A.2d 607 (Pa. Super. 2006),] decision, *i.e.*, that PCRA counsel seeking to withdraw contemporaneously forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel.

***Id.*** at 818. Instantly, we have reviewed counsel's petition to withdraw and conclude it complies with the requirements set forth by the ***Widgins*** Court. ***See id.*** Accordingly, we proceed.

Before addressing the merits of Appellant's claim, we examine whether we have jurisdiction to entertain the underlying PCRA petition. ***See Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999). "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted). A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." ***Commonwealth v. Copenhefer***, 941 A.2d 646, 648 (Pa. 2007) (citations and footnote omitted).

Instantly, Appellant's judgment of sentence became final on May 9, 2008; Appellant filed the instant second petition on July 14, 2014, over six years later. Thus, this Court must discern whether the PCRA court erred by holding Appellant did not plead and prove any of the three timeliness exceptions. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii); ***Copenhefer***, 941 A.2d at 648. In this case, Appellant conceded at the hearing that his petition

invoked none of the timeliness exceptions.[4]  **See** N.T. PCRA Hr'g at 10.

After review of the record, we also agree with the PCRA court's

determination that Appellant did not properly invoke any one of the three

timeliness exceptions.  **See Copenhefer**, 941 A.2d at 648; **Fahy**, 737 A.2d

at 223.  Thus, the PCRA court lacked jurisdiction.  **See Fahy**, 737 A.2d at

223.  Having discerned no error of law, we affirm the order below.  **See**

**Wilson**, 824 A.2d at 333.

Petition to withdraw granted.  Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2015

---

[4] As noted above, this Court denied Appellant's first PCRA petition in November of 2010, well before Appellant's March 2012 stroke.